UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KRISTIN MARIE WELTE                                                                  PLAINTIFF

v.                                                CIVIL ACTION NO. 4:19-CV-P177-JHM

MORGAN MCKINLEY *et al.*                                       DEFENDANTS

**MEMORANDUM OPINION**

      This is a *pro se* civil rights-action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Kristin Marie Welte leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I. SUMMARY OF COMPLAINT**

      Plaintiff was formerly incarcerated at the Webster County Detention Center (WCDC). She brings this suit against WCDC Jailer Morgan McKinley in both his official and individual capacities; Kathleen Kenney, Commissioner of the Kentucky Department of Corrections (KDOC), in her official-capacity only; and Lou-Anna Redcorn, the Commonwealth Attorney for Fayette County, in her official capacity only.

      Plaintiff first alleges that she was denied meaningful access to the courts at WCDC "due to the denial of a law library or the equivalent, law books at the [WCDC]. On November 16, 2019, [Plaintiff] filed a grievance via 'kiosk' based on the jail not having law books, the same day the response was received 'local facilities unlike prisons are not required by law or administrative regulations to provide law books to the inmate population.'"

      Plaintiff next alleges that the KDOC "has created a disparity between Men and Women incarcerated in prison versus local facilities inconsistent with the equal protection clause, the

Fourteenth Amendment equal protection guarantee. Women like [Plaintiff] are not afforded the same program opportunities, as male state inmates, because the state lacks prison bed space for women due to lack of facilities." Plaintiff further states that the KDOC "has not only converted a womens prison into a mens facility in 2015 but changed their mandate in 2017 to preclude unclassified inmates in local facilities from participating in programs like Moral Recognition Therapy (MRT)." Plaintiff continues, "Women like [Plaintiff] are being housed in local facilities for the duration of their sentences without work or program opportunities." Finally, Plaintiff states that the KDOC "knowingly houses inmates like [Plaintiff] in local facilities such as the WCDC without access to law books."

Plaintiff's final allegation is that in November 2019 she was informed by Roederer Correctional Complex staff that she "could not be classified in a local facility due to an active case showing at the Fayette Co. Grand Jury []." Plaintiff states that the "case was included in the [indictment in the case] which [Plaintiff] is serving now. This 'active' status has prejudiced [Plaintiff], and is a violation of her constitutional rights guaranteed by the Fifth Amendment."

As relief, Plaintiff seeks damages and an injunction ordering WCDC to provide "law books" and the KDOC "to eliminate their mandate requiring all inmates to be classified in order to participate in MRT."

The record reflects that Plaintiff is now incarcerated at the state women's prison, the Kentucky Correctional Institution for Women (DN 12).

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of

the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. WCDC Jailer McKinley

Although Plaintiff does not make specific allegations against Defendant WCDC Jailer McKinley in the complaint, the Court presumes Plaintiff's claims against him are based upon the allegation that there is no law library at WCDC. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. However, *Bounds* did not create an abstract, freestanding right to a law library, litigation tools, or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, to state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury to a legal claim. *Id.* at 351; *Talley-Bey v. Knebl*, 168 F.3d, 884, 886 (6th Cir. 1999); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Because Plaintiff does not allege that she was actually injured in litigation due to her lack of access to a law library, she fails to state a claim of constitutional dimensions. Thus, any claim against WCDC Jailer McKinley must be dismissed for failure to state a claim upon which relief may be granted.

### B. KDOC Commissioner Kenney

Plaintiff also fails to connect her official-capacity claim against KDOC Commissioner Kenney to any specific allegations. Nonetheless, for purposes of this review, the Court will assume that Plaintiff's claim against her is based upon the allegation that the KDOC has violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment because she is a state inmate housed in a county facility who is treated differently than male state inmates who are housed in state correctional facilities.

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Commissioner Kenney is an employee or officer of the Commonwealth of Kentucky, Plaintiff's official-capacity claim against her is deemed a claim against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks damages from Commissioner Kenney, she fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to any claim for damages against Commissioner Kenney in her official capacity. *Kentucky v. Graham*, 473 U.S. at 169.

Plaintiff does seem to ask for injunctive relief from Defendant Kenney, which theoretically could trigger the exception to the Eleventh Amendment under *Ex Parte Young*, 209 U.S. 123 (1908). As noted above, Plaintiff alleges that the KDOC "changed their mandate in 2017 to preclude unclassified inmates in local facilities from participating in programs like Moral Recognition Therapy (MRT)." She asks the Court to order the KDOC to "eliminate their

5

mandate requiring all inmates to be classified in order to participate in MRT." Because Plaintiff's allegation regarding classification and her related request for relief are seemingly premised upon her incarceration in a county facility, and because the record reflects that she is now incarcerated in a state facility, the Court finds that her request for injunctive relief is moot. Thus, the Court will dismiss Plaintiff's claim for injunctive relief against Defendant Kenney for failure to state a claim upon which relief may be granted.

### C. Commonwealth Attorney Redcorn

Finally, the Court turns to Plaintiff's official-capacity claim against Commonwealth Attorney Redcorn. Plaintiff again fails to make specific allegations against this Defendant, but for purposes of this review, the Court will assume that Plaintiff's claim against Commonwealth Attorney Redcorn is based on the allegation that Plaintiff "could not be classified in a local facility due to an active case showing at the Fayette Co. Grand Jury" because that "case was included in the [indictment in the case] which [Plaintiff] is serving now." The Court can discern no constitutional claim based upon this allegation. However, even if it could, as stated above, state officials cannot be sued in their official capacities for damages. *See, e.g.*, *Padgett v. Daviess Cty.*, No. 4:16CV-P20-JHM, 2016 U.S. Dist. LEXIS 98441, at *5-6 (W.D. Ky. July 26, 2016) (dismissing official-capacity claim for damages against Commonwealth Attorney because defendant was not a "person" under § 1983 and the claim was barred by the Eleventh Amendment) (citing *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment.")). Thus, Plaintiff's official-capacity claim against Commonwealth Attorney Redcorn must be dismissed for failure to state a

claim upon which relief may be granted and for seeking damages a defendant immune from such relief.

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: April 23, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
       Defendants
4414.011

7